# EXHIBIT M

VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF HENRICO

DEVIN G. NUNES )
)
      Plaintiff, )
)
v. ) Case No. CL19-1715
)
TWITTER, INC., *et al.* )
)
      Defendants. )

## **MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

COMES NOW The Hawkins Law Firm, PC, by and through its counsel and owner Richard F. Hawkins, III, by special appearance, and hereby moves the Court to quash the subpoena duces tecum ("SDT") (attached as **Exhibit A**) that was issued to it by counsel for the plaintiff in the above-referenced matter and/or moves for protective order as to the subpoena duces tecum. The grounds for this motion are set forth below:

1. <u>First</u>, the SDT does not comply with Rule 4:9A(a)(2) of the Rules of the Supreme Court of Virginia. Specifically, the Rule requires that when an attorney issues a subpoena duces tecum, "a copy of the subpoena duces must be mailed or delivered to the clerk's office of the court in which the case is pending *on the day of issuance* with a certificate that a copy thereof has been served pursuant to Rule 1:12 upon counsel of record and to parties having counsel." (emphasis added). Here, the SDT, issued on October 31, 2019, was not timely filed or mailed to the Henrico County Clerk's office and therefore is invalid under Rule 4:9A(a)(2).

2. <u>Second</u>, the SDT does not satisfy the procedural requirements of Virginia Code 8.01-407.1. The statute -- titled "Identity of persons communicating anonymously over the Internet" – requires that "*at least 30 days prior to the date on which disclosure is sought*," the party

1

issuing the subpoena "*shall file*" with the appropriate circuit court a copy of the subpoena and, *inter alia*, supporting materials showing that:

> . . . one or more communications that are or may be *tortious or illegal* have been made by the anonymous communicator, or that the party requesting the subpoena has a legitimate, good faith basis to contend that such party is the victim of conduct actionable in the jurisdiction where the suit was filed. A copy of the <u>communications that are the subject of the action or subpoena shall be submitted.</u>

Va. Code § 8.01-407(A)(1)(a.) (emphasis added). Additionally, two copies of the subpoena and the supporting materials shall be served on the person to whom it is addressed. Va. Code § 8.01-407(A)(2). Here, the plaintiff has doubly failed as to these requirements. He has failed to file the supporting materials with the Court, *and* he has filed to serve copies of the supporting materials on The Hawkins Law Firm, PC.

    3.    Third, the SDT fails to substantively satisfy the requirements of Va. Code § 8.01(A)(1)(a.) -- namely, the requirement that the anonymous communicator has made "one or more of the communications that are or may be tortious or illegal." Here, nothing in the Complaint comes close to proving that the defendants made any statements that meet this standard. To the contrary, the statements at issue – allegedly made by a fictional cow and a caricature of plaintiff's mother – are obvious examples of rhetorical hyperbole, parody, caricature, and satire. If the First Amendment, as it most certainly does, allows a student newspaper to call a Virginia Tech official the "Director of Butt Licking"[1] or Hustler magazine to publish a caricature of Jerry Falwell having incestuous sex with his mother in an outhouse[2], then it surely permits a fictional cow and a satirical mother to poke fun at a Congressman. As a federal appeals court judge, in an eloquent defense of the First Amendment, keenly observed more than thirty years ago:

---

[1] *Yeagle v. Collegiate Times*, 255 Va. 293, 497 S.E.2d 136 (1998)

[2] *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (1988).

2

> Nothing is more thoroughly democratic than to have the high-and-mighty lampooned and spoofed. An observant electorate may also gain by watching the *reactions* of objects of satiric comment, *noting those who take themselves seriously and those whose self-perspective is somewhat more relaxed.*

*Falwell v. Flynt*, 805 F.2d 484, 487 (4th Cir. 1986) (Wilkinson, J., dissenting from the denial of rehearing en banc).

    4.    Here, no reasonable person could seriously believe that either the fictional cow or the satirical mother was making statements of actual facts. *Yeagle*, 255 Va. at 296; 497 S.E.2d at 137. Instead, "[t]he irreverent, overwrought word choice would surely give away their subjective character, as well as negate any impression that they assert facts verifiable in a defamation action." *Edwards v. Schwartz*, 378 F. Supp.3d 468, 518 (W.D. Va. 2019). As such, the Complaint fails as a matter of law to state a claim for defamation, which, in turn, means it also fails as a matter of law to state claims for insulting words and conspiracy. *See, e.g., Potomac Valve & Fitting, Inc. v. Crawford Fitting Co.*, 829 F.2d 1280, 1284 (4th Cir. 1987) (explaining that Virginia's insulting words statute "has been interpreted by Virginia courts to be virtually co-extensive with the common law action for defamation" and that they "must ineluctably 'rise or fall together'"); *Dunlap v. Cottman Transmission Systems, LLC*, 287 Va. 207, 215, 754 S.E.2d 313, 317 (2014) ("actions for common law civil conspiracy and statutory business conspiracy lie *only if* a plaintiff sustains damages as a result of an act that is *itself wrongful or tortious*.") (emphasis added). Given this, plaintiff cannot, as a matter of law, show that the SDT is valid under the substantive requirements of Va. Code § 8.01(A)(1)(a.).

    5.    <u>Fourth and lastly</u>, the SDT calls for items protected by the attorney-client privilege. Specifically, items 5, 6, 7, 8 and 9 seek all communications which relate to attorney-client or otherwise protected communications, such as those protected through a joint-defense privilege and

3

the work-product doctrine. As such, these requests should be quashed and/or a protective order should be issued as to them.

WHEREFORE, for the reasons stated above, The Hawkins Law Firm, PC respectfully requests that this Court quash the subpoena duces tecum issued by plaintiff's counsel and/or issue a protective order as to the subpoena duces tecum.

Respectfully submitted,

THE HAWKINS LAW FIRM, PC
By Special Appearance

By: _____
Richard F. Hawkins, III
Virginia Bar Number: 40666
THE HAWKINS LAW FIRM, PC
2222 Monument Avenue
Richmond, Virginia 23220
(804) 308-3040 (telephone)
(804) 308-3132 (facsimile)
Email: rhawkins@thehawkinslawfirm.net

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2019, I e-mailed and mailed a copy of the foregoing to:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

Charles K. Seyfarth
O'Hagan Meyer
411 E. Franklin St. Suite 500
Richmond, VA 23219
*Counsel for Defendant Twitter, Inc.*

Amy L. Neuhardt
Boies Schiller Flexner
1401 New York Ave., NW
Washington, DC 20005
*Counsel for Defendants Mair and Mair Strategies*

Richard F. Hawkins, III
Virginia Bar Number: 40666
THE HAWKINS LAW FIRM, PC
2222 Monument Avenue
Richmond, Virginia 23220
(804) 308-3040 (telephone)
(804) 308-3132 (facsimile)
Email: rhawkins@thehawkinslawfirm.net

Counsel for Plaintiff

5

| | |
|---|---|
| **SUBPOENA DUCES TECUM (CIVIL) -** | Case No.: CL19-1715 |
| **ATTORNEY ISSUED** VA. CODE §§ 8.01-413, 16.1-89, 16.1-265; | |
| Commonwealth of Virginia   Supreme Court Rules 1:4, 4.9 | November 30, 2019 |
| | HEARING DATE AND TIME |

County of Henrico Circuit ........................................... Court
COURT ADDRESS
P.O. Box 90775, 4301 East Parham Road, Henrico, VA 23273

Devin G. Nunes   v./In re:   Twitter, Inc. et al.

### TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:

You are commanded to summon

The Hawkins Law Firm, P.C.
NAME
Serve: Richard F. Hawkins, III, 2222 Monument Avenue
STREET ADDRESS
Richmond                       Virginia                       23220
CITY                           STATE                          ZIP

**TO the person summoned:** You are commanded to make available the documents and tangible things designated and described below:

SEE ATTACHED

at   300 West Main Street, Suite 102, Charlottesville, VA 22903   at   11/30/2019 @ 10:00 a.m.
          LOCATION                                                        DATE AND TIME

to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such tangible things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of

Plaintiff, Devin G. Nunes
PARTY NAME

| | |
|---|---|
| Steven S. Biss, Esquire | 32972 |
| NAME OF ATTORNEY | VIRGINIA STATE BAR NUMBER |
| 300 West Main Street, Suite 102 | 804-501-8272 |
| OFFICE ADDRESS | TELEPHONE NUMBER OF ATTORNEY |
| Charlottesville, VA 22903 | 202-318-4098 |
| OFFICE ADDRESS | FACSIMILE NUMBER OF ATTORNEY |
| October 31, 2019 | *[signature]* |
| DATE ISSUED | SIGNATURE OF ATTORNEY |

**Notice to Recipient:** See page two for further information.

---

**RETURN OF SERVICE** (see page two of this form)

FORM DC-498 (PAGE ONE OF TWO) 7/01 PDF

EXHIBIT A

**TO the person summoned:**
If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

☒ **This SUBPOENA DUCES TECUM is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.**

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

NAME: _____

ADDRESS: _____

☐ PERSONAL SERVICE | Tel. No. _____

Being unable to make personal service, a copy was delivered in the following manner:

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

☐ Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

☐ not found _____, Sheriff

_____ by _____, Deputy Sheriff
DATE

## CERTIFICATE OF COUNSEL

I, _____Steven S. Biss_____, counsel for _____Plaintiff_____, hereby certify that a copy of the foregoing subpoena duces tecum was _____emailed and mailed_____
DELIVERY METHOD

to _____All Counsel of Record_____, counsel of record for _____the Defendants_____,

on the ___31st___ day of _____October_____, ___2019___.

SIGNATURE OF ATTORNEY

FORM DC-1W (PAGE TWO OF TWO) 7/01 PDF

# ATTACHMENT TO SUBPOENA

### DEFINITIONS AND INSTRUCTIONS

1. The term "document" shall mean and include all written, electronic, digital and graphic matter of every kind and description, whether written or produced or transmitted by computer, typewriter, printer, photocopier or other machine or by hand, whether in printed form or on computer disk, and whether in the actual or constructive possession, custody or control of you, including, without limitation, any and all files, records, disks, emails, text messages, instant messages, direct messages, iMessages, letters, correspondence, memoranda, notes, statements, transcripts, workpapers, sound recordings, cds, dvds, videotapes, charts, reports, books, ledgers, registers, books of account, account statements, financial statements, checks, check stubs, deposit receipts, and any other written, electronic or graphic record of any kind, whether or not such documents are claimed to be privileged from discovery on any ground.

2. "You" and "your" shall mean the person or entity to whom/which this request or subpoena is directed, including his, her, their or its agents, representatives, employees, attorneys, experts, investigators, insurers or anyone acting on behalf of the foregoing.

3. "Person" or "person" means any individual, sole proprietorship, partnership (general or limited), limited liability company, limited liability partnership, corporation, association, trust or other entity.

4. "Plaintiff" means Plaintiff, Devin G. Nunes, including, without limitation, any agent, representative or employee of Plaintiff.

1

...

5. "Twitter" means defendant, Twitter, Inc., including, without limitation, any officer, director, manager, attorney, agent, representative or employee of Twitter.

6. "Mair" means defendant, Elizabeth A. "Liz" Mair, including, without limitation, any attorney, agent, representative or employee of Mair.

7. "Mair Strategies" means defendant, Mair Strategies, LLC, including, without limitation, any officer, director, manager, attorney, agent, representative or employee of Mair Strategies.

8. "Swamp" means The Swamp Accountability Project (FEC # C30002869), including, without limitation, any officer, director, manager, attorney, agent, representative or employee of Swamp.

9. "DevinNunesMom" means the creator, owner, holder, sponsor, user, users, operator or operators, including, without limitation, all officers, directors, managers, members, shareholders, parents, subsidiaries, partners, attorneys, agents, representations, employees, associates and/or affiliates of such persons or entities, of the following Twitter account:



10. "DevinCow" means the creator(s), owner(s), holder(s), sponsor(s), user or users, operator or operators, including, without limitation, all officers, directors, managers, members, shareholders, parents, subsidiaries, partners, attorneys, agents, representations, employees, associates and/or affiliates of such persons or entities, of the Twitter account @DevinCow:



**Devin Nunes' cow**
@DevinCow

Hanging out on the dairy in Iowa looking for the lil' treasonous cowpoke. TheRealDevinCow@gmail.com

◉ United States  📅 Joined August 2017

**1,581** Following    **498K** Followers



**Devin Nunes' cow** 🐄
@DevinCow

Hanging out on the dairy in Iowa looking for the lil' treasonous cowpoke. TheRealDevinCow@gmail.com therealdevincow.tumblr.com

◉ United States  ◯ Born October 1, 1973  📅 Joined August 2017

**55K** Following    **622.1K** Followers

3

11. "Hawkins" means The Hawkins Law Firm, P.C., including any shareholder, principal, partner, associate, attorney, paralegal, paraprofessional, legal assistant, secretary, agent, representation and employee of Hawkins.

12. "Relating to" means to refer to, reflect, pertain to, or in any manner be connected with the matter discussed.

13. "Identify" or "identification", when used in reference to a person, means to state their full name, their present or last known home and business addressees) and their present or last known home and business telephone number(s). "Identify" or "identification", when used in reference to a document, means to state or specify the type of document, e.g. letter, memoranda, etc., its date, its author, signer, addressee, its contents, and any other information necessary to identify the document for purposes of an interrogatory, request for production of documents or subpoena duces tecum. As an alternative to identifying the document, a copy may be attached to your answer. If any such document was but is no longer in your possession or subject to your control, state what happened to the document. "Identify" or "identification", when used in reference to a communication, representation or discussion, means to state the person(s) to whom such communication was made, the medium of communication, e.g., letter, telephone, fax, email, etc., the date of such communication, and the subject matter and substance of such communication.

14. "Describe" means state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and (I) the identity of each person involved or having knowledge of each fact or opinion relating to what is described, (II) the identity of each document evidencing the answer given or

4

relating to what is disclosed in the answer given, and (III) all relevant or material dates or time periods.

15. If you consider any document called for by a request for production of documents to be privileged from discovery, include in your answer/response a list of the documents withheld, identifying each document by date, author, addressee, all recipients, all persons who have seen the document, the title and a brief description of the subject matter which will allow for a determination whether the document is privileged. Finally, you should state the grounds upon which each document is claimed to be privileged.

Continued on Next Page

## SUBPOENA FOR PRODUCTION OF DOCUMENTS

Plaintiff requests Hawkins to produce complete and genuine copies of the following:

**UNLESS OTHERWISE NOTED, THIS SUBPOENA SEEKS DOCUMENTS AND ELECTRONICALLY STORED INFORMATION DATED OR FOR THE TIME PERIOD FROM MARCH 19, 2019 AND THE PRESENT (THE "RELEVANT PERIOD")**

**IF HAWKINS HAS NO DOCUMENTS RESPONSIVE TO THE FOLLOWING REQUESTS, THE ANSWER SHOULD CLEARLY STATE "NONE" OR "NO DOCUMENTS".**

6

1. Any document that identifies the name(s) and/or address(es) of the user or users of Twitter account @DevinCow.

2. Any document that identifies the name(s) and/or address(es) of the user or users of Twitter account @DevinNunesMom.

3. All communications between Hawkins and Voter Protection Project that mention Plaintiff or that are of and concerning Plaintiff, including communications about the following disbursement:

| NAME OF COMMITTEE (In Full) Voter Protection Project | | | | |
|---|---|---|---|---|
| A. Full Name (Last, First, Middle Initial) The Hawkins Law Firm | | | Date of Disbursement 04 / 15 / 2019 | |
| Mailing Address 222 Monument Ave | | | | |
| City Richmond | State VA | Zip Code 23220 | FEC Identification Number C | |
| Purpose of Disbursement Legal Consulting | | | Transaction ID : VVB53AD6Q | |
| Candidate Name | | | Category/ Type | Amount of Each Disbursement this Period 3000.00 |
| Office Sought: House Senate President State: District | Disbursement For: Primary  General Other (specify) ▼ | | | Memo Item |

4. All communications between Hawkins and Andrew Janz ("Janz") that mention Plaintiff or that are of and concerning Plaintiff.

5. All communications between Hawkins and any person relating to the action, *Nunes v. Twitter*, Case No. CL19-1715 (Henrico County) (the "Twitter Action").

6. All communications between Hawkins and Twitter that mention Plaintiff, that are of and concerning Plaintiff, or that relate to the Twitter Action.

7. All communications between Hawkins and Mair that mention Plaintiff, that are of and concerning Plaintiff, or that relate to the Twitter Action.

8. All communications between Hawkins and Mair Strategies that mention Plaintiff, that are of and concerning Plaintiff, or that relate to the Twitter Action.

7