# EXHIBIT N

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO
Civil Division

|  |  |  |
|---|---|---|
| DEVIN G. NUNES, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CL19-1715 |
| TWITTER, INC., *et al*, | ) | |
| Defendants. | ) | |

## MOTION TO QUASH, FOR PROTECTIVE ORDER AND/OR FOR ATTORNEY'S FEES PURSUANT TO § 8.01-223.2

The Subpoenaed Party, ADAM PARKHOMENKO ("Mr. Parkomenko"), by special appearance of counsel, moves as follows:

1.      Quash the subpoena *duces tecum* issued by Plaintiff to Mr. Parkhomenko in this matter pursuant to § 8.01-407.1 of the Code of Virginia;

2.      In the alternative, enter a protective order in favor of Mr. Parkhomenko pursuant to Rule 4:1(c) of the Rules of the Supreme Court of Virginia;

3.      Award Mr. Parkhomenko a judgment for his attorney's fees pursuant to § 8.01-223.2 of the Code of Virginia; and

4.      Award him such other and further relief as the Court deems just and equitable.

*Devin G. Nunes v. Twitter, Inc.*
CL19-1715
Mr. Parkhomenko's Motion to Quash, for Protective Order and/or Attorney's Fees Pursuant to § 8.01-223.2
Page 2 of 2

ADAM PARKHOMENKO
By Special Appearance of Counsel

SUROVELL ISAACS & LEVY PLC

By: _____

Scott A. Surovell, Esq., VSB #40278
Nathan D. Rozsa, Esq., VSB # 77268
4010 University Drive, Second Floor
Fairfax, Virginia 22030
Telephone: 703.277.9750
Facsimile: 703.591.9285
Email: SSurovell@SurovellFirm.com
Email: NRozsa@SurovellFirm.com
*Counsel for Adam Parkhomenko, by special appearance*

Certificate of Service

I certify that, on November 26, 2019, I mailed a copy of the foregoing to:

Steven S. Bliss, Esq.
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

Carles K. Seyfarth, Esq.
O'Hagan Meyer
411 E. Franklin, Suite 500
Richmond, VA 23219
*Counsel for Defendant Twitter, Inc.*

Amy L. Neuhardt
Boies Schiller Flexner
1401 New York Ave, NW
Washington, DC 20005
*Counsel for Defendants Mair and Mair Strategies*

_____
Nathan D. Rozsa, Esq.

RECEIVED AND FILED

2019 NOV 26  PM 3: 02

D.P
—————————————
Deputy Clerk
Henrico Circuit Court

NoS — This is a photocopy.
Scanned in correspondence
—DAP

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO
Civil Division

DEVIN G. NUNES,                    )
                  Plaintiff,       )
         v.                        )        Case No. CL19-1715
                                   )
TWITTER, INC., *et al.*,           )
                  Defendants.      )

## MR. PARKHOMENKO'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH, FOR PROTECTIVE ORDER, AND FOR ATTORNEY'S FEES PURSUANT TO § 8.01-223.2

The Subpoenaed Party, ADAM PARKHOMENKO ("Mr. Parkhomenko"), by special appearance, states as follows in support of his Motion:

## I.   STATEMENT OF THE CASE.

The Plaintiff in this case, Devin Nunes, is a politician and former dairy farmer serving as the U.S. Representative for California's 22nd Congressional District. Compl. ¶ 3. Plaintiff filed this case alleging defamation, insulting words, and civil conspiracy relating to the publication by Defendant Twitter, Defendant Liz Mair, Defendant Mair Strategies, LLC, and two anonymous Twitter users, of tweets satirizing and/or criticizing Mr. Nunes. In the pertinent part here, Plaintiff joined as Defendants two anonymous, parody Twitter accounts -- Defendant "Devin Nunes' cow" (@DevinCow) and Defendant "Devin Nunes' Mom" (@DevinNunesMom).

Defendant "Devin Nunes' Cow" is an anonymous Twitter user which apparently purports to be a cow owned by Mr. Nunes, which posted satirical and hyperbolic insults regarding Mr. Nunes, many of which are filled with cow puns – e.g., "He's udder-ly worthless," a "treasonous cowpoke," "Devin's boots are full of manure," and "Devin is whey over his head in crime" and

*Devin G. Nunes v. Twitter, Inc.*
CL19-1715
Mr. Parkomenko's Memorandum in Support of Motion to Quash and/or for Protective Order
Page 2 of 10

"its pasture time to move him to prison." *See, e.g.,* Compl. ¶ 10.

The other anonymous Twitter user, Defendant "Devin Nunes' Mom," is another ostensible parody account which purports to be Plaintiff's mother and posts hyperbolic insults about Mr. Nunes, which are frequently accompanied by mothering, nagging, and child-raising jokes, treating Plaintiff as a misbehaving child – e.g., "Are you trying to obstruct a federal investigation again?  You come home right this instant or no more Minecraft!" and claiming Plaintiff was voted "Most Likely to Commit Treason" in high school. *See, e.g.,* Compl. ¶ 9.

Plaintiff contends these two anonymous accounts are "defaming" him, constitute "insulting words," and alleges a "conspiracy" between all the Defendants.   He is seeking damages of $250,000,000 or a "greater amount," punitive damages, fees, and injunctive relief.

Plaintiff attempted to serve a subpoena *duces tecum* to Adam Parkhomenko, a non-party, seeking documents showing the identity of Defendant "Devin Nunes' Cow" and Defendant "Devin Nunes' Mom." EXHIBIT A.  Mr. Parkhomenko's counsel has accepted service of process for purposes of filing this motion.

II.      PLAINTIFF HAS FAILED TO FOLLOW RULE 4:9A(a)(2).

The Supreme Court of Virginia has created a process for filing attorney-issued subpoenas.  The subpoena is invalid because it was not filed with the Henrico County Circuit Court Clerk.[1]

An attorney-issued subpoena duces tecum must be signed as if a pleading and must

---

[1] Mr. Parkhomenko is a non-party to the case and has not been served with any pleadings aside from this subpoena (EXHIBIT A).  However, his counsel checked the docket sheet in this matter, which reflects no filed subpoenas or supporting materials as of the date of this motion, November 26, 2019.  A copy of the current docket sheet is attached as EXHIBIT B.

*Devin G. Nunes v. Twitter, Inc.*
CL19-1715
Mr. Parkomenko's Memorandum in Support of Motion to Quash and/or for Protective Order
Page 3 of 10

contain the attorney's address, telephone number and Virginia State Bar identification number. A copy of any attorney-issued subpoena duces tecum <u>must be mailed or delivered to the clerk's office of the court in which the case is pending on the day of issuance with a certificate that a copy thereof has been served pursuant to Rule 1:12 upon counsel of record and to parties having to counsel.</u> VA. R. S.CT. 4:9A(a)(2).

Here, the subpoenas was not filed or timely mailed to the clerk's office. Rule 4:9A was not complied with, and as a result, this attorney-issued subpoena is invalid.

### III.   PLAINTIFF HAS NOT COMPLIED WITH § 8.01-407.1 OF THE CODE.

For centuries, Courts have recognized a protected interest in anonymous communications -- "an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995); *accord Reno v. ACLU*, 521 U.S. 844, 850, 870 (1997) (ruling that Internet speech is protected by the same level of First Amendment scrutiny as other media). Some of America's most famous political treatises such as *Common Sense* by Thomas Paine or *The Federalist Papers* by James Madison, Alexander Hamilton, and John Jay (writing as *Publius*) were authored anonymously. With the expansion and proliferation of discourse and communication over the internet, protection of privacy has become a paramount issue – such that the General Assembly adopted special statutory standards to protect the privacy of individuals communicating anonymously over the internet, in order to prevent a chilling effect on free speech.

Indeed, the Courts have found that political speech merits the highest protection possible from the courts. In *Citizens United v. FEC*, 558 U.S. 310, 312 (2009), the U.S. Supreme Court

noted that "Speech is an essential mechanism of democracy, for it is the means to hold officials accountable to the people." *Id.* at 339.

> The right of citizens to inquire, to hear, to speak, and to use information to reach consensus is a precondition to enlightened self-government and a necessary means to protect it. The First Amendment "'has its fullest and most urgent application' to speech uttered during a campaign for political office." *Eu v. San Francisco County Democratic Central Comm.*, 489 U. S. 214, 223 (1989) (quoting *Monitor Patriot Co. v. Roy*, 401 U. S. 265, 272 (1971)); see *Buckley*, supra, at 14 ("Discussion of public issues and debate on the qualifications of candidates are integral to the operation of the system of government established by our Constitution"). For these reasons, political speech must prevail against laws that would suppress it, whether by design or inadvertence. Laws that burden political speech are "subject to strict scrutiny," which requires the Government to prove that the restriction "furthers a compelling interest and is narrowly tailored to achieve that interest." *FEC v. Wisconsin Right to Life, Inc.*, 551 U. S. 449, 464 (2007) (opinion of ROBERTS, C. J.). *Citizens United v. FEC*, 558 U.S. 310, 339-340 (2009).

Consistent with such heightened protection, § 8.01-407.1 of Code of Virginia requires that in order to serve a subpoena to "a nongovernmental person or entity" for documents identifying an anonymous individual engaging in Internet communications, the Plaintiff **must** file and serve "supporting material" with the subpoena identifying: "a. That one or more communications that are or may be tortious or illegal have been made by the anonymous communicator, or that the party requesting the subpoena has a legitimate, good faith basis to contend that such party is the victim of conduct actionable in the jurisdiction where the suit was filed. A copy of the communications that are the subject of the action or subpoena shall be submitted." The Plaintiff is required to serve the supporting materials on the recipient, and certify that no motion to dismiss, demurrer or summary-judgment is pending. VA. CODE ANN. § 8.01-407.1(A).

*Devin G. Nunes v. Twitter, Inc.*
CL19-1715
Mr. Parkomenko's Memorandum in Support of Motion to Quash and/or for Protective Order
Page 5 of 10

In this case, no supporting affidavit or supporting material was filed by Plaintiff with

respect to this subpoena – EXHIBIT A. The Complaint purportedly refers to "hundreds of

[defamatory] posts at issue in this action," however the majority of those actual posts are not

attached, nor were they filed with the subpoena. Moreover, the Complaint itself fails to show

that the anonymous parody accounts Defendant "Devin Nunes' Cow" and Defendant "Devin

Nunes' Mom" actually made any actionable defamatory statements, as a matter of law.

IV.   **NOTHING IN THE COMPLAINT APPROACHES DEFAMATORY CONTENT
      EVEN IF THE COURT ASSUMES THE COMPLAINT COMPLIES WITH THE
      AFFIDAVIT AND MATERIAL REQUIREMENT OF § 8.01-407.1.**

Even assuming that the Plaintiff has complied with the requirements of § 8.01-407.1, the

Complaint does not constitute defamation. Parody and hyperbole with respect to a public figure

are well-recognized in Virginia as protected First Amendment speech and are not defamatory.

*Yeagle v. Collegiate Times*, 255 Va. 293, 295-6 (1998). In *Yeagle*, the Supreme Court of

Virginia held that "statements which cannot reasonably be interpreted as stating actual facts

about a person cannot form the basis of a common law defamation action." *Id.* Speakers may

use language that is insulting, offensive, or otherwise inappropriate, but constitutes no more than

'rhetorical hyperbole.'" *Id.* Examples of rhetorical hyperbole cited in *Yeagle* include referring to

the plaintiff as "Director of Butt Licking," and defining a labor union "scab" to be a "traitor,"

and publishing a parody of an advertisement referring to a public figure. *Id.* The Court in *Yeagle*

said that in such an instance, "no reasonable inference could be drawn that the individual

identified in the statements, as a matter of fact, engaged in the conduct described," and that the

"statements could not reasonably be understood to convey a false representation of fact." *Id.*

*Devin G. Nunes v. Twitter, Inc.*
CL19-1715
Mr. Parkomenko's Memorandum in Support of Motion to Quash and/or for Protective Order
Page 6 of 10

Only statements likely to be considered true may support a defamation cause of action.

Clearly humorous or incredible statements do not suffice. *Freedlander v. Edens Broad, Inc.*, 734

F. Supp. 221, 228 (E.D. Va. 1990), *aff'd mem.*, 1991 U.S. App. LEXIS 366 (4th Cir. 1991);

*accord Victoria Square, LLC v. Glastonbury Citizen*, 49 Conn. Supp. 452 (Conn. Super. 2006)

("parody, to the degree that it is perceived as parody by its intended audience, conveys the

message that it is not the original and, therefore, cannot constitute a false statement of fact");

*Hustler Magazine v. Falwell*, 485 U.S. 46, 57 (1988) (*Hustler* "ad parody" was "not reasonably

believable" and could not reasonably be understood as describing actual facts about respondent);

50 AM. JUR. 2D. LIBEL AND SLANDER § 159 (West 2019) (parody and satire do not give rise to

liability in a defamation action).

Both of these anonymous Twitter accounts are blatant parody accounts. No reasonable

person would believe that Devin Nunes' cow *actually* has a Twitter account, or that the

hyperbole, satire and cow-related jokes it posts are serious facts. It is self-evident that cows are

domesticated livestock animals and do not have the intelligence, language, or opposable digits

needed to operate a Twitter account. Moreover, by purporting to be from a cow, with the

excessive use of cow puns and cow imagery, it is plainly evident that it is not a serious news

outlet. Defendant "Devin Nunes' Mom" likewise posts satirical patronizing, nagging, mothering

comments which ostensibly treat Mr. Nunes as a misbehaving child. In light of the content, a

reasonable person, reading the accounts in context, would not take Defendant "Devin Nunes'

Cow" or Defendant "Devin Nunes' Mom" to be serious accounts imparting actual facts about

Plaintiff. They are parody accounts. As such, the statements at issue in this case lack the

*Devin G. Nunes v. Twitter, Inc.*
CL19-1715
Mr. Parkomenko's Memorandum in Support of Motion to Quash and/or for Protective Order
Page 7 of 10

defamatory sting necessary to state a cause of action.

## V.      NO ALLEGED STATEMENTS IN THE COMPLAINT CONSITUTE "INSULTING WORDS" FOR PURPOSES OF THE 1810 ANTI-DUELING ACT.

Defendant "Devin Nunes' Cow" or Defendant "Devin Nunes' Mom"'s statements do not

constitute "insulting words" either. Virginia's infamous "insulting words" statute, also known as

the 1810 Anti-Dueling Act, was originally adopted to mitigate the risk of dueling but remains on

the books. Virginia Courts now recognize that this act no longer has the breadth as it was

originally intended, "application of this provision is no longer confined to its original purpose of

preventing duels, it has been interpreted by Virginia courts to be virtually co-extensive with the

common law action for defamation" and the First Amendment restrictions on the same, *Potomac*

*Valve and Fitting, Inc. v. Crawford Fitting Co.*, 829 F.2d 1280, 1284 (4th Cir. 1987) (holding that

insulting words claims "rise and fall together" with defamation claims) (citing *W.T. Grant Co. v.*

*Owens*, 149 Va. 906 (1928), *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1 (1954), *Mills v.*

*Kingsport Times-News*, 475 F. Supp. 1005, 1007 (W.D. Va. 1979).

Insulting words are actionable in Virginia only if they "tend to violence and breach of the

peace." VA. CODE ANN. § 8.01-45 (LexisNexis 2019); *Allen & Rocks, Inc. v. Dowell*, 252 Va.

439 (1996). The words must present a clear and present danger of a violent physical reaction.

*Goulmamine v. CVS Pharmacy*, 138 F. Supp. 3d 652, 668 (E.D. Va. 2015); *Thompson v. Town of*

*Front Royal*, Civ. No. 5:98CV00083, 2000 U.S. Dist. LEXIS 3876 (Mar. 16, W.D. Va. 2000).

Defendant "Devin Nunes' Cow" or Defendant "Devin Nunes' Mom" accounts, read as a whole,

are parody accounts and lack any overt statement or tendency to incite a riot or breach of peace.

*Devin G. Nunes v. Twitter, Inc.*
CL19-1715
Mr. Parkomenko's Memorandum in Support of Motion to Quash and/or for Protective Order
Page 8 of 10

Furthermore, Defendant "Devin Nunes' Cow" or Defendant "Devin Nunes' Mom"'s statements do not constitute a conspiracy either, since the statements are not actionable, not defamatory or insulting words. *See, e.g., Dunlap v. Cottman Transmission Sys., LLC,* 287 Va. 207, 215 (2014) (there can be no conspiracy to do an act that the law allows; so a common law civil conspiracy claim requires proof that some underlying tort was committed). Since the statements alleged are not defamatory or insulting words, no basis exists to permit this subpoena under § 8.01-407.1(A)(1)(a).

## VI. THE SUBPOENA CALLS FOR PRIVILEGED COMMUNICATIONS AND ATTORNEY WORK PRODUCT.

In the alternative, Paragraph 5 of the subpoena calls for "All communications between Parkhomenko and any person relating to the action, *Nunes v. Twitter . . . .*" This requests should be quashed to the extent it calls for communications between Mr. Parkhomenko and his counsel, which are protected by attorney-client privilege and/or work product doctrine.

Paragraph 6, 7 and 8 of the subpoena call for "All communications" between Mr. Nunes and the Defendants. Communications between counsel for Mr. Nunes and counsel for the Defendants are potentially protected by work product doctrine and/or joint defense privilege, to the extent that they have a shared common interest in defending this subpoena and/or contesting the case. These requests should be quashed to the extent they call for work product or privileged communications.

## VII. THIS SUBPOENA CONSTITUTES A VIOLATION OF VIRGINIA'S STATUTE PROHIBITING STRATEGIC LITIGATION AGAINST PUBLIC POLICY (SLAPP).

*Devin G. Nunes v. Twitter, Inc.*
CL19-1715
Mr. Parkomenko's Memorandum in Support of Motion to Quash and/or for Protective Order
Page 9 of 10

Strategic Litigation Against Public Policy, SLAPP suits or wealthy litigants bullying citizens making public statements have become a scourge in the United States of America causing many states to adopt what are referenced as "Anti-SLAPP Statutes." California has one of the most rigorous anti-SLAPP statutes in the United States. CAL. CODE CIV. PROC. § 425.16 (LexisNexis 2019) (EXHIBIT C). Virginia has one of the weakest. VA. CODE ANN. § 8.01-223.2 (LexisNexis 2019). Notwithstanding that, the matters set forth in the Complaint are clearly matters of "public concern" and Mr. Parkhomenko seeks dismissal of the subpoena on grounds that the alleged problematic statements are protected by the First Amendment of the United States Constitution. Therefore, he should be awarded his attorney's fees.

## VIII. CONCLUSION.

For all the above reasons, the subpoena is improper and should be quashed.

ADAM PARKHOMENKO
By Special Appearance of Counsel

SUROVELL ISAACS & LEVY PLC

By: _____
Scott A. Surovell, Esq., VSB #40278
Nathan D. Rozsa, Esq., VSB #77268
4010 University Drive, Second Floor
Fairfax, Virginia 22030
Telephone: 703.277.9750
Facsimile: 703.591.9285
Email: SSurovell@SurovellFirm.com
NRozsa@SurovellFirm.com
*Counsel for Adam Parkhomenko, by special appearance*

*Devin G. Nunes v. Twitter, Inc.*
CL19-1715
Mr. Parkomenko's Memorandum in Support of Motion to Quash and/or for Protective Order
Page 10 of 10

<u>Certificate of Service</u>

I certify that, on November 26, 2019, I mailed a copy of the foregoing to:

Steven S. Bliss, Esq.
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

Carles K. Seyfarth, Esq.
O'Hagan Meyer
411 E. Franklin, Suite 500
Richmond, VA 23219
*Counsel for Defendant Twitter, Inc.*

Amy L. Neuhardt
Boies Schiller Flexner
1401 New York Ave, NW
Washington, DC 20005
*Counsel for Defendants Mair and Mair Strategies*

Nathan D. Rozsa, Esq.

<u>Listing of Attached Exhibits</u>

EXHIBIT A    Subpoena *Duces Tecum* to Mr. Parkhomenko (Oct. 31, 2019)

EXHIBIT B    Docket Sheet (Pleadings/Orders Detail), *Nunes v. Twitter, Inc., et al.,*
CL19001715-00 (Henrico County Cir. Ct. 2019).

EXHIBIT C    Cal. Code Civ. Proc. § 425.16 (LexisNexis 2019)

SUBPOENA DUCES TECUM (CIVIL) —              Case No.:           CL19-1715
ATTORNEY ISSUED   VA. CODE §§ 8.01-413, 16.1-89, 16.1-265;
Commonwealth of Virginia        Supreme Court Rules 1:4, 4:9        November 30, 2019
                                                          HEARING DATE AND TIME

County of Henrico Circuit                                        Court

P.O. Box 90775, 4301 East Parham Road, Henrico, VA 23273
COURT ADDRESS

Devin G. Nunes            v./In re:            Twitter, Inc. et al.

## TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:

You are commanded to summon

Adam Parkhomenko
NAME

Serve:   Adam Parkhomenko, 4010 University Drive, Suite 101
STREET ADDRESS

Fairfax                          Virginia                     22030
CITY                             STATE                         ZIP

TO the person summoned: You are commanded to make available the documents and tangible things
designated and described below:

SEE ATTACHED

at   300 West Main Street, Suite 102, Charlottesville, VA 22903   at   11/30/2019 @ 10:00 a.m.
        LOCATION                                                    DATE AND TIME
to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such
tangible things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of:

Plaintiff, Devin G. Nunes
PARTY NAME

Steven S. Biss, Esquire                        32972
NAME OF ATTORNEY                        VIRGINIA STATE BAR NUMBER

300 West Main Street, Suite 102                804-501-8272
OFFICE ADDRESS                          TELEPHONE NUMBER OF ATTORNEY

Charlottesville, VA 22903                      202-318-4098
OFFICE ADDRESS                          FACSIMILE NUMBER OF ATTORNEY

October 31, 2019
DATE ISSUED                             SIGNATURE OF ATTORNEY

Notice to Recipient: See page two for further information.

## RETURN OF SERVICE (see page two of this form)

FORM DC-498 (PAGE ONE OF TWO) NSI PDF



**TO the person summoned:**

If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

☒ **This SUBPOENA DUCES TECUM is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.**

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

| NAME: |
|---|
| ADDRESS: |

| ☐ PERSONAL SERVICE | Tel. No. |
|---|---|

Being unable to make personal service, a copy was delivered in the following manner:

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

_____

☐ Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

| ☐ not found | _____, Sheriff |
|---|---|
| DATE | by _____, Deputy Sheriff |

## CERTIFICATE OF COUNSEL

I, _____ Steven S. Bias _____ , counsel for _____ Plaintiff _____ , hereby certify

that a copy of the foregoing subpoena duces tecum was _____ emailed and mailed _____
                                                              DELIVERY METHOD

to _____ All Counsel of Record _____ , counsel of record for _____ the Defendants _____

on the _____ 31st _____ day of _____ October _____ , _____ 2019 _____

_____
SIGNATURE OF ATTORNEY

FORM DC-456 (PAGE TWO OF TWO) 10/12 PDF

# ATTACHMENT TO SUBPOENA

## DEFINITIONS AND INSTRUCTIONS

1.      The term "document" shall mean and include all written, electronic, digital and graphic matter of every kind and description, whether written or produced or transmitted by computer, typewriter, printer, photocopier or other machine or by hand, whether in printed form or on computer disk, and whether in the actual or constructive possession, custody or control of you, including, without limitation, any and all files, records, disks, emails, text messages, instant messages, direct messages, iMessages, letters, correspondence, memoranda, notes, statements, transcripts, workpapers, sound recordings, cds, dvds, videotapes, charts, reports, books, ledgers, registers, books of account, account statements, financial statements, checks, check stubs, deposit receipts, and any other written, electronic or graphic record of any kind, whether or not such documents are claimed to be privileged from discovery on any ground.

2.      "You" and "your" shall mean the person or entity to whom/which this request or subpoena is directed, including his, her, their or its agents, representatives, employees, attorneys, experts, investigators, insurers or anyone acting on behalf of the foregoing.

3.      "Person" or "person" means any individual, sole proprietorship, partnership (general or limited), limited liability company, limited liability partnership, corporation, association, trust or other entity.

4.      "Plaintiff" means Plaintiff, Devin G. Nunes, including, without limitation, any agent, representative or employee of Plaintiff.

1

5.     "Twitter" means defendant, Twitter, Inc., including, without limitation, any officer, director, manager, attorney, agent, representative or employee of Twitter.

6.     "Mair" means defendant, Elizabeth A. "Liz" Mair, including, without limitation, any attorney, agent, representative or employee of Mair.

7.     "Mair Strategies" means defendant, Mair Strategies, LLC, including, without limitation, any officer, director, manager, attorney, agent, representative or employee of Mair Strategies.

8.     "Swamp" means The Swamp Accountability Project (FEC # C30002869), including, without limitation, any officer, director, manager, attorney, agent, representative or employee of Swamp.

9.     "DevinNunesMom" means the creator, owner, holder, sponsor, user, users, operator or operators, including, without limitation, all officers, directors, managers, members, shareholders, parents, subsidiaries, partners, attorneys, agents, representations, employees, associates and/or affiliates of such persons or entities, of the following Twitter account:



10.     "DevinCow" means the creator(s), owner(s), holder(s), sponsor(s), user or users, operator or operators, including, without limitation, all officers, directors, managers, members, shareholders, parents, subsidiaries, partners, attorneys, agents, representations, employees, associates and/or affiliates of such persons or entities, of the Twitter account @DevinCow:

2



**Devin Nunes' cow**
@DevinCow

Hanging out on the dairy in Iowa looking for the lil' treasonous cowpoke. TheRealDevinCow@gmail.com

United States   Joined August 2017

**1,581** Following   **498K** Followers



**Devin Nunes' cow**
@DevinCow

Hanging out on the dairy in Iowa looking for the lil' treasonous cowpoke. TheRealDevinCow@gmail.com therealdevincow.tumblr.com

United States   Born October 1, 1973   Joined August 2017

**55K** Following   **622.1K** Followers

3

11. "Parkhomenko" means Adam Parkhomenko, including any committee or political action committee with which Parkhomenko is or was affiliated, any partner, associate, attorney, agent, representative and employee of Parkhomenko.

12. "Relating to" means to refer to, reflect, pertain to, or in any manner be connected with the matter discussed.

13. "Identify" or "identification", when used in reference to a person, means to state their full name, their present or last known home and business addresses) and their present or last known home and business telephone number(s). "Identify" or "identification", when used in reference to a document, means to state or specify the type of document, e.g. letter, memoranda, etc., its date, its author, signer, addressee, its contents, and any other information necessary to identify the document for purposes of an interrogatory, request for production of documents or subpoena duces tecum. As an alternative to identifying the document, a copy may be attached to your answer. If any such document was but is no longer in your possession or subject to your control, state what happened to the document. "Identify" or "identification", when used in reference to a communication, representation or discussion, means to state the person(s) to whom such communication was made, the medium of communication, e.g., letter, telephone, fax, email, etc., the date of such communication, and the subject matter and substance of such communication.

14. "Describe" means state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and (I) the identity of each person involved or having knowledge of each fact or opinion relating to what is described, (II) the identity of each document evidencing the answer given or

4

relating to what is disclosed in the answer given, and (III) all relevant or material dates or time periods.

15.  If you consider any document called for by a request for production of documents to be privileged from discovery, include in your answer/response a list of the documents withheld, identifying each document by date, author, addressee, all recipients, all persons who have seen the document, the title and a brief description of the subject matter which will allow for a determination whether the document is privileged. Finally, you should state the grounds upon which each document is claimed to be privileged.

Continued on Next Page

## SUBPOENA FOR PRODUCTION OF DOCUMENTS

Plaintiff requests Parkhomenko to produce complete and genuine copies of the following:

**UNLESS OTHERWISE NOTED, THIS SUBPOENA SEEKS DOCUMENTS AND ELECTRONICALLY STORED INFORMATION DATED OR FOR THE TIME PERIOD FROM MARCH 19, 2019 AND THE PRESENT (THE "RELEVANT PERIOD")**

**IF PARKHOMENKO HAS NO DOCUMENTS RESPONSIVE TO THE FOLLOWING REQUESTS, THE ANSWER SHOULD CLEARLY STATE "NONE" OR "NO DOCUMENTS".**

1.      Any document that identifies the name(s) and/or address(es) of the user or users of Twitter account @DevinCow.

2.      Any document that identifies the name(s) and/or address(es) of the user or users of Twitter account @DevinNunesMom.

3.      All communications, including emails, text messages, direct messages and iMessages, between Parkhomenko and the user or users of Twitter account @DevinCow.

4.      All communications, including emails, text messages, direct messages and iMessages, between Parkhomenko and the user or users of Twitter account @DevinNunesMom.

5.      All communications between Parkhomenko and any person relating to the action, *Nunes v. Twitter*, Case No. CL19-1715 (Henrico County) (the "Twitter Action").

6.      All communications between Parkhomenko and Twitter that mention Plaintiff, that are of and concerning Plaintiff, or that relate to the Twitter Action.

7.      All communications between Parkhomenko and Mair that mention Plaintiff, that are of and concerning Plaintiff, or that relate to the Twitter Action.

8.      All communications between Parkhomenko and Mair Strategies that mention Plaintiff, that are of and concerning Plaintiff, or that relate to the Twitter Action.

| Return to Case | Main Menu | Logoff |

## Henrico County Circuit - Civil Division
### Pleadings/Orders Detail

### Case Number: CL19001715-00

| Filed | Type | Party | Judge | Book | Page | Remarks |
|-------|------|-------|-------|------|------|---------|
| 03/19/19 | Initial Filing | PLT | | | | ITOR: |
| 05/08/19 | Notice | DEF | | | | OF APPEARANCE |
| 05/08/19 | Motion | DEF | | | | PHV: KAREN L DUNN |
| 05/08/19 | Other | DEF | | | | PHV APPLC: K L DUNN |
| 05/08/19 | Other | DEF | | | | PHV CHK $250: K L DUNN |
| 05/08/19 | Motion | DEF | | | | PHV: ROBERTA A KAPLAN |
| 05/08/19 | Other | DEF | | | | PHV APPLC: ROBERTA KAPLAN |
| 05/08/19 | Other | DEF | | | | PHV CHK $250: R A KAPLAN |
| 05/08/19 | Motion | DEF | | | | PHV: JOSHUA A MATZ |
| 05/08/19 | Other | DEF | | | | PHV APPLC: JOSHUA A MATZ |
| 05/08/19 | Other | DEF | | | | PHV CHK $250: J A MATZ |
| 05/08/19 | Motion | DEF | | | | PHV: BENJAMIN D MARGO |
| 05/08/19 | Other | DEF | | | | PHV APPLC: BENJAMIN MARGO |
| 05/08/19 | Other | DEF | | | | PHV CHK $250: B D MARGO |
| 05/09/19 | Memorandum | DEF | | | | SUPPORT MOT TO DISMISS |
| 05/09/19 | Motion | DEF | | | | TO DISMISS |
| 05/14/19 | Motion | DEF | | | | DISMISS |
| 05/14/19 | Memorandum | DEF | | | | SUPPORT MOTION TO DISMISS |
| 05/17/19 | Other | DEF | | | | DECLARATION ROBERTA KAPLAN |
| 05/17/19 | Other | DEF | | | | E MAIR SUPPORT DISMISS |
| 05/21/19 | Order | DEF | LAH | 0268 | 1130 | PVH FOR DEF - B.D.MARGO |
| 05/21/19 | Order | DEF | LAH | 0268 | 1131 | PHV FOR DEF - J. A. MATZ |
| 05/21/19 | Order | DEF | LAH | 0268 | 1132 | PHV FOR DEF - K.L. DUNN |
| 05/21/19 | Order | DEF | LAH | 0268 | 1133 | PHV FOR DEF - R.A. KAPLAN |
| 06/13/19 | Affidavit | DEF | | | | SUPPORT MOT TO DISMISS |
| 07/15/19 | Motion | DEF | | | | PROTECTIVE ORDER |
| 07/22/19 | Memorandum | DEF | | | | IN SUPP OF MOT FOR P/O |

EXHIBIT

B

| 07/23/19 | Affidavit | DEF | | | | OF AMY NEUHARDT |
|---|---|---|---|---|---|---|
| 07/23/19 | Motion | DEF | | | | TO SUSPEND DISCOVERY PEND |
| 07/23/19 | Memorandum | DEF | | | | OF LAW IN SUPPORT OF MOT |
| 08/02/19 | Memorandum | PLT | | | | IN OPPS TO MOT TO DISMISS |
| 08/08/19 | Notice Of Hearing | PLT | | | | 08/23/2019 09:30AM |
| 08/08/19 | Memorandum | PLT | | | | IN OPPOSITION TO TWITTER |
| 08/09/19 | Reply | PLT | | | | IN SUPPORT OF MOT TO DISMI |
| 08/09/19 | Notice Of Hearing | PLT | | | | 08/23/2019 09:30AM |
| 08/09/19 | Notice Of Hearing | PLT | | | | 08/23/2019 09:30AM |
| 08/12/19 | Other | DEF | | | | OPPOS. MOT. TO COMPEL |
| 08/09/19 | Motion | DEF | | | | PRO HAC VICE |
| 08/09/19 | Other | | | | | APPLICATION PRO HAC VICE |
| 08/09/19 | Motion | DEF | | | | PRO HAC VICE |
| 08/09/19 | Other | | | | | APPLICATION PRO HAC VICE |
| 08/09/19 | Other | | | | | $250 CHECK |
| 08/09/19 | Other | | | | | $250 CHECK |
| 08/16/19 | Notice Of Hearing | DEF | | | | 08/23/2019 09:30AM |
| 08/16/19 | Notice Of Hearing | DEF | | | | 08/23/2019 09:30AM |
| 08/19/19 | Order | DEF | JM | | | PHV- HOLTZBLATT |
| 08/19/19 | Order | DEF | JM | | | PHV- CAROME |
| 08/21/19 | Brief | DEF | | | | REPLY BRIEF IN FURTHER SUP |
| 08/20/19 | Memorandum | PLT | | | | IN OPP TO THE MAIR DEF |
| 08/26/19 | Brief | DEF | | | | IN FURTHER SUPPORT OF MOT |
| 08/29/19 | Brief | DEF | | | | IN SUPPORT TWITTER MOTION |
| 09/11/19 | Memorandum | PTF | | | | SUPP; OPPO MOT TO DISMISS |
| 09/13/19 | Response | DEF | | | | SUPPLEMENTAL FILING |
| 10/04/19 | Exhibits | PLT | | | | P 1 - APP FOR CERT OF AUTH |
| 10/04/19 | Affidavit | EM | | | | OF ELIZABETH MAIR |
| 10/02/19 | Opinion Letter | COURT | | | | JUDGE JOHN MARSHALL |

[ Return to Case ]   [ Main Menu ]   [ Logoff ]

Build #: 3.8.1.1



## Cal Code Civ Proc § 425.16

Deering's California Codes are current through all 870 Chapters of the 2019 Regular Session.

*Deering's California Codes Annotated > CODE OF CIVIL PROCEDURE (§§ 1 — 2107) > Part 2 Of Civil Actions (Titles 1 — 14) > Title 6 Of the Pleadings in Civil Actions (Chs. 1 — 8) > Chapter 2 Pleadings Demanding Relief (Arts. 1 — 5) > Article 1 General Provisions (§§ 425.10 — 426c)*

## § 425.16. Legislative findings; Special motion to strike action arising from "act in furtherance of person's right of petition or free speech under United States or California Constitution in connection with a public issue"

(a)The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.

(b)

(1)A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

(2)In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3)If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding.

(c)

(1)Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to *Section 128.5*.

(2)A defendant who prevails on a special motion to strike in an action subject to paragraph (1) shall not be entitled to attorney's fees and costs if that cause of action is brought pursuant to *Section 6259, 11130, 11130.3, 54960, or 54960.1 of the Government Code*. Nothing in this paragraph shall be construed to prevent a prevailing defendant from recovering attorney's fees and costs pursuant to subdivision (d) of Section 6259, or *Section 11130.5 or 54960.5, of the Government Code*.

(d)This section shall not apply to any enforcement action brought in the name of the people of the State of California by the Attorney General, district attorney, or city attorney, acting as a public prosecutor.

(e)As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized

Cal Code Civ Proc § 425.16

by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

(f) The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing.

(g) All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision.

(h) For purposes of this section, "complaint" includes "cross-complaint" and "petition," "plaintiff" includes "cross-complainant" and "petitioner," and "defendant" includes "cross-defendant" and "respondent."

(i) An order granting or denying a special motion to strike shall be appealable under _Section 904.1_.

(j)

   (1) Any party who files a special motion to strike pursuant to this section, and any party who files an opposition to a special motion to strike, shall, promptly upon so filing, transmit to the Judicial Council, by e-mail or facsimile, a copy of the endorsed, filed caption page of the motion or opposition, a copy of any related notice of appeal or petition for a writ, and a conformed copy of any order issued pursuant to this section, including any order granting or denying a special motion to strike, discovery, or fees.

   (2) The Judicial Council shall maintain a public record of information transmitted pursuant to this subdivision for at least three years, and may store the information on microfilm or other appropriate electronic media.

## History

Added _Stats 1992 ch 726 § 2 (SB 1264)_. Amended _Stats 1993 ch 1239 § 1 (SB 9)_; _Stats 1997 ch 271 § 1 (SB 1296)_; _Stats 1999 ch 960 § 1 (AB 1675)_, effective October 10, 1999; _Stats 2005 ch 535 § 1 (AB 1158)_, effective October 5, 2005; _Stats 2009 ch 65 § 1 (SB 786)_, effective January 1, 2010; _Stats 2010 ch 328 § 34 (SB 1330)_, effective January 1, 2011; _Stats 2014 ch 71 § 17 (SB 1304)_, effective January 1, 2015.

Deering's California Codes Annotated
Copyright © 2019 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

End of Document

NATHAN ROZSA

RECEIVED AND FILED

2019 NOV 26  PM 3: 03

Deputy Clerk
Henrico Circuit Court

NOS - This is a photocopy.
Scanned into Correspondence
- DAP