# EXHIBIT R

# Barnet, Emily

| | |
|---|---|
| **From:** | Steven S. Biss <stevenbiss@earthlink.net> |
| **Sent:** | Monday, February 3, 2020 9:01 AM |
| **To:** | Carome, Patrick |
| **Cc:** | Holtzblatt, Ari; Chuck Seyfarth; Margeaux Thomas |
| **Subject:** | Re: Fitzgibbon Subpoena to Twitter |

**EXTERNAL SENDER**

Pat,

First, there is no need to confirm your understanding. I was crystal clear in extending the deadline to 2/6.

Second, your belief is unfounded. I have evidence of direct communications between Radack and the user or users of the @DevinCow account. Nothing I say or do will satisfy you. There is no point in this game.

Third, I was very clear in my email. I am not going to repeat myself. The identified accounts are obviously relevant to Plaintiff's claims and Radack's counterclaims, and I am obviously entitled to seek discovery from third-parties to learn the full extent of Radack's breaches and defamation. Radack and her followers have universally bad-mouthed Trevor Fitzgibbon. It continues to this very day. There is no burden on Twitter to produce the non-content records and information. I have no idea what the volume is of Radack's content communications. Let me know and I will consider whether I need the redacted versions of her private communications with the identified accounts.

Fourth, my redaction proposal is completely appropriate. I have narrowed it enough: redact everything but the identity of the originator, the identities of all recipients, and the date/time. I appreciate that the SCA protects Twitter from disclosing the content absent consent from Radack, which she refuses to give, meaning she is hiding something important.

Like I said last week, Twitter has no intention to produce anything, so these emails are a tremendous waste of time. You can file your motion to quash anytime. I extended the deadline again because I want to give Radack a final opportunity to settle this case, and save the parties, Twitter and her friends the cost and expense of responding to the subpoena and other outstanding discovery requests.

**From:** Carome, Patrick
**Sent:** Sunday, February 02, 2020 7:14 PM
**To:** Steven S. Biss
**Cc:** Holtzblatt, Ari ; Chuck Seyfarth ; Margeaux Thomas
**Subject:** Re: Fitzgibbon Subpoena to Twitter

Steve,

This responds to your email of today at 3pm ET.

1

First, I want to confirm my understanding that you have agreed that the return date for the subpoena, and the deadline for any objection to the subpoena, has now been extended until the end of the day <u>on Thursday, February 8.</u>  Please note that, depending on how this matter develops, Twitter may seek judicial relief sooner than <u>February 8.</u>

Second, we continue to believe that you have failed to establish any basis to suggest that any information regarding the @DevinCow account is relevant to the Fitzgibbon case, and we remain extremely concerned that this request is an attempted end-run around pending discovery disputes in the suit in which you are representing Devin Nunes against Twitter, @DevinCow, and others.  We do not believe the screenshots you sent us several days ago demonstrate any such relevance.  You seem to suggest below that you have evidence that the account you associate with Ms. Radack communicated with @DevinCow via Direct Message.  While I do not see how any such evidence, standing alone, would establish a basis for you to seek discovery in the Fitzgibbon case concerning @DevinCow, I would ask you to provide me as soon as possible whatever information you have that supports your position that discovery concerning @DevinCow is relevant and necessary in this case.   Based on what we know today, our plan is to seek attorneys fees and costs from you pursuant to Rule 45 if you do not withdraw the aspects of the subpoena that pertain to @DevinCow.  We will re-evaluate that plan if you promptly provide us with new information as requested here.

Third, regarding Request No. 6,  I understand that what you are now seeking from Twitter, absent proof of consent from Ms. Radack, is copies of communications <u>from which all contents of the communications has been redacted</u>, and I further understand that you have excluded five accounts from the scope of that request.  For each of the accounts that you are still seeking such information, I ask that you provide me with documents or other evidence to substantiate your assertion that these accounts are relevant to a claim or counterclaim in the Fitzgibbon Litigation.  I further ask you to explain why receiving such records <u>in redacted form</u>would be of use to you in the litigation.  Even if the redaction exercise you describe would resolve all issues under the Stored Communications Act (which I am not now conceding), there would still be very substantial burden on Twitter to engage in such a redaction exercise.  The information I am requesting here will help us assess whether or not any such burden would be undue.

Fourth, regarding Request No. 5, we note that your redaction proposal does nothing to address the prohibition against Twitter disclosing the contents of communications in violation of the Stored Communications Act.  Request No. 5 seeks records that mention Plaintiff or contain certain words.  Therefore, even if Twitter were to redact all "contents" from those records, producing those records in response to this Request would inevitably disclose some of the contents of the communication, in violation of the SCA.  For this reason, we request that you, at a minimum, withdraw this request in its entirety so as to narrow the scope of this discovery dispute.

Please note that Twitter continues to have a host of serious concerns regarding the subpoena, as we explained in our two phone calls with you last week, and Twitter is reserving all of its rights to object to and oppose the subpoena.  In order that we can do our best to narrow the range of issues that may need to be resolved by a court, please get back to me by close of business tomorrow (Monday) with responses to the specific requests set forth above.

Regards,

Pat

**Patrick J. Carome | WilmerHale**
<u>1875 Pennsylvania Avenue NW</u>
<u>Washington, DC 20006 USA</u>
<u>+1 202 663 6610</u>
patrick.carome@wilmerhale.com |<u>www.wilmerhale.com</u>


Sent from my iPhone

2

On Feb 2, 2020, at 3:02 PM, Steven S. Biss <stevenbiss@earthlink.net> wrote:

| EXTERNAL SENDER |
|---|

Pat,

This email responds to the issues you raised during our call on Friday, and is a further effort on my part to confer in good faith to resolve a discovery dispute.

I intend to succinctly respond to each issue:

1. The Stored Communications Act (SCA) distinguishes between "contents" and "non-contents" records. Section 2702a1 appears to prohibit Twitter from disclosing the "contents" of communications to anyone, while Section 2702a3 prohibits the disclosure of records or other information pertaining to a subscriber or customer of Twiiter "not including the contents of [the] communications" to a government entity only. "Content" information is "information concerning the substance, purport, or meaning of that communication". "Non-content" information includes everything else, including username registrations, subscriber/customer names, addresses, telephone numbers, email addresses, dates of birth, IP addresses, and all verifications and updates of such information submitted to Twitter.

   Subpoena items 1, 2, 3, and 4 request non-content records and information that should be produced. *Sines v. Kessler*, *Chevron Corp. v. Donziger.*

   Subpoena items 5 and 6 request content records and information. The "content" should be redacted and any responsive documents should be produced, with the senders, recipients and dates of the communications intact, subject to the following agreed limitations:

   a. The relevant time period is March 31, 2019 to December 10, 2019. This is the time period from settlement to the date Plaintiff filed his second amended complaint;

   b. I withdraw the subpoena as it pertains to the following accounts:

      i. @AnnieDarkhorse;
      ii. @credico2016;
      iii. @cagoldberglaw;
      iv. @StuartBlaugrund;
      v. @GoAngelo

2. Each of the accounts accounts identified in the subpoena either a) tagged by Radack in a tweet at issue, b) part of the "chain" or thread of tweets at issue, c) retweeted, replied or liked a tweet by Radack at issue, d) was retweeted, replied to or liked by Radack, e) there is evidence the account privately communicated (DM'd) with Radack, *e.g., @DevinCow*, and/or is actively assisting Radack in her defense/counterclaim, and/or f) is a named co-conspirator in the second amended complaint, who published the same defamatory content as Radack.

In accordance with Rule 26 of the Federal Rules of Civil Procedure, which permits broad discovery in civil actions, I seek evidence that is relevant to the issues of Radack's breaches of the settlement agreement, her continuing defamation, and her combination with others to defame Fitzgibbon.

3. Radack has produced no documents. She claims to have "cog fog", and can't remember who she has communicated with about Fitzgibbon. Accordingly, I need to subpoena the relevant records and information from the third-party Twitter accounts. Contrary to your suggestion, there is no requirement that I "exhaust" remedies against Radack before proceeding to subpoena Twitter or anyone else. However, I did request Radack to consent to disclosure under Section 2702 of the SCA. She refuses. There is no basis for this refusal. I will take this refusal up with the Court, and seek an Order compelling production of the the "content" records, which belong to Radack and which are only "stored" on Twitter's server. Twitter cannot withheld the records from Radack.

4. I am willing to sign a stipulated protective order in connection with all discovery in this case. Judge Payne issued such an Order in the First Action between Fitzgibbon and Radack. See attached.

Finally, I am not able to confirm to any degree of certainty that the parties will be able to settle the case this week. We have a discovery cut-off of March 8. I cannot afford to delay discovery. However, I am inclined to extend the deadline for Twitter to 2/6. This gives Radack plenty of time to make a decision.


Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.

<Stipulated Protective Order - 7.2.18.pdf>

4

Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.

 **unR̶A̶D̶A̶C̶K̶ted** @JesselynRadack · 1h
@DevinCow Thank you for making me laugh harder tl
You're divine. I mean, bovine.



💬 1　　🔁 2　　♡ 7　　↑

Radack has been in constant contact with @DevinCow since Trevor Fitzgibbon filed suit. Here is the latest classy tweet:

 **Devin Nunes' cow** 🐄 @DevinCow · Jan 20



🙂 **LeiliHana** @JumzyRau · Jan 20
Replying to @DevinCow and @DamonMPA
Did you squirt milk out of your udder on Nunes, Cow?!?

💬 91   🔁 127   ♡ 926

 **un~~RADACK~~ted**
@JesselynRadack

Replying to @DevinCow

## Facial.

9:00 AM · Jan 20, 2020 · Twitter for iPhone

---

Upon receipt of Twitter???s objections, I will call you for a meet and confer ahead of the discovery conference with the Court.

Call or email me if you have any questions.


**From:** Carome, Patrick
**Sent:** Friday, January 24, 2020 1:05 PM
**To:** Steven S. Biss
**Cc:** Chuck Seyfarth ; Holtzblatt, Ari
**Subject:** RE: Subpoena to Twitter in Fitzgibbon v. Radack

Steven,

Thank you for taking our call and speaking with me and Ari a few minutes ago. This email confirms that in our call you agreed to extend the return date of the above-referenced subpoena by seven days, making the new return date February 3, 2020; and that you also agreed that Twitter???s time to serve objections to the subpoena pursuant to Rule 45(d)(2)(B) is also extended to that same date (February 3, 2020). Please let us know immediately if this is not correct. Thank you for this modest accommodation.

Regards,

**Patrick J. Carome | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6610
patrick.carome@wilmerhale.com | www.wilmerhale.com


**From:** Carome, Patrick
**Sent:** Friday, January 24, 2020 10:59 AM
**To:** 'Steven S. Biss' <stevenbiss@earthlink.net>
**Cc:** Chuck Seyfarth <CSeyfarth@ohaganmeyer.com>; Ari Holtzblatt (Ari.Holtzblatt@wilmerhale.com) <Ari.Holtzblatt@wilmerhale.com>
**Subject:** Subpoena to Twitter in Fitzgibbon v. Radack

Hi Steven,

We would like to speak with you ASAP regarding the subpoena you purported to issue to Twitter under the auspices of the Fitzgibbon v. Radack case. When would you be available to do that?

Regards,

Pat

**Patrick J. Carome | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6610
patrick.carome@wilmerhale.com | www.wilmerhale.com

6

Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.

Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.