| | |
|---|---|
| **From:** | "Steven S. Biss" <stevenbiss@earthlink net> |
| **Date:** | Sunday, February 02, 2020 3:01 PM |
| **To:** | "Patrick Carome" <Patrick.Carome@wilmerhale.com>; "Ari Holtzblatt" <Ari.Holtzblatt@wilmerhale.com>; "Chuck Seyfarth" <CSeyfarth@ohaganmeyer.com> |
| **Cc:** | "Margeaux Thomas" <mthomas@thomaslawplc.com> |
| **Attach:** | Stipulated Protective Order - 7.2.18.pdf |
| **Subject:** | Fitzgibbon Subpoena to Twitter |

Pat,

This email responds to the issues you raised during our call on Friday, and is a further effort on my part to confer in good faith to resolve a discovery dispute.

I intend to succinctly respond to each issue:

1.   The Stored Communications Act (SCA) distinguishes between "contents" and "non-contents" records.  Section 2702a1 appears to prohibit Twitter from disclosing the "contents" of communications to anyone, while Section 2702a3 prohibits the disclosure of records or other information pertaining to a subscriber or customer of Twiiter "not including the contents of [the] communications" to a government entity only.  "Content" information is "information concerning the substance, purport, or meaning of that communication".  "Non-content" information includes everything else, including username registrations, subscriber/customer names, addresses, telephone numbers, email addresses, dates of birth, IP addresses, and all verifications and updates of such information submitted to Twitter.

   Subpoena items 1, 2, 3, and 4 request non-content records and information that should be produced. *Sines v. Kessler*, *Chevron Corp. v. Donziger.*

   Subpoena items 5 and 6 request content records and information.  The "content" should be redacted and any responsive documents should be produced, with the senders, recipients and dates of the communications intact, subject to the following agreed limitations:

   a.   The relevant time period is March 31, 2019 to December 10, 2019.  This is the time period from settlement to the date Plaintiff filed his second amended complaint;

   b.   I withdraw the subpoena as it pertains to the following accounts:

   i.   @AnnieDarkhorse;
   ii.  @credico2016;
   iii. @cagoldberglaw;
   iv.  @StuartBlaugrund;
   v.   @GoAngelo

2.   Each of the accounts accounts identified in the subpoena either a) tagged by Radack in a tweet at issue, b) part of the "chain" or thread of tweets at issue, c) retweeted, replied or liked a tweet by Radack at issue, d) was retweeted, replied to or liked by Radack, e) there is evidence the account privately communicated (DM'd) with Radack, *e.g., @DevinCow*, and/or is actively assisting Radack in

her defense/counterclaim, and/or f) is a named co-conspirator in the second amended complaint, who published the same defamatory content as Radack.

   In accordance with Rule 26 of the Federal Rules of Civil Procedure, which permits broad discovery in civil actions, I seek evidence that is relevant to the issues of Radack's breaches of the settlement agreement, her continuing defamation, and her combination with others to defame Fitzgibbon.

3.   Radack has produced no documents.  She claims to have "cog fog", and can't remember who she has communicated with about Fitzgibbon.  Accordingly, I need to subpoena the relevant records and information from the third-party Twitter accounts.  Contrary to your suggestion, there is no requirement that I "exhaust" remedies against Radack before proceeding to subpoena Twitter or anyone else.  However, I did request Radack to consent to disclosure under Section 2702 of the SCA.  She refuses.  There is no basis for this refusal.  I will take this refusal up with the Court, and seek an Order compelling production of the the "content" records, which belong to Radack and which are only "stored" on Twitter's server.  Twitter cannot withheld the records from Radack.

4.   I am willing to sign a stipulated protective order in connection with all discovery in this case.  Judge Payne issued such an Order in the First Action between Fitzgibbon and Radack.  See attached.

Finally, I am not able to confirm to any degree of certainty that the parties will be able to settle the case this week.  We have a discovery cut-off of March 8.  I cannot afford to delay discovery.  However, I am inclined to extend the deadline for Twitter to 2/6.  This gives Radack plenty of time to make a decision.


Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.