IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| In Re Subpoena to Twitter, Inc. ) | Misc. Case No. 3:20-mc-00003-GEC |
| ) | |
| ) | |
| TREVOR FITZGIBBON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Action currently pending in the |
| ) | U.S. District Court, E.D. Va. |
| ) | (Case 3:19-cv-477-REP) |
| JESSELYN A. RADACK ) | |
| ) | |
| Defendant. ) | |
| ) | |

# **STATEMENT OF ADDITIONAL EVIDENCE**

Plaintiff, Trevor Fitzgibbon, by counsel, pursuant to Local Civil Rule 11(c)(1), respectfully submits this Statement of Additional Evidence in opposition to the motion to quash filed by Twitter, Inc. ("Twitter"). [*ECF No. 1*].

1. On April 9, 2019, Jesselyn Radack ("Radack") signed a contract – a settlement agreement. A true copy of the contract is attached as *Exhibit "A"*.

2. In paragraphs 4(a)-(c) of the settlement agreement, Radack promised that she would not tweet, retweet, reply, like or otherwise post anything on Twitter that mentions Fitzgibbon or that is of and concerning Fitzgibbon. Radack further promised that she would not publish or communicate – electronically, orally, or in writing – to any third party (excluding family members) any disparaging comments or words about Fitzgibbon.

1

3. Fitzgibbon has taken screenshots of tweets, retweets, replies, and likes that evidence multiple ***public*** breaches of the settlement agreement by Radack.

4. Fitzgibbon is not concerned about the public violations because he has preserved that evidence for trial.

5. What is deeply troubling and what concerns Fitzgibbon is the extent to which Radack is using Twitter to defame Fitzgibbon behind the scenes, ***privately***, in direct messages with third parties.

6. Twitter has possession of these direct messages (DMs). If there were no DMs, Twitter would have said so. Instead, Twitter is trying to hide probative evidence that is relevant to show Radack's breach of contract, ongoing defamation and conspiracy.

7. Apart from the fact that Twitter admits the DMs exist, Fitzgibbon has been contacted by a whistleblower, who has provided direct and irrefutable evidence of Radack's ***private*** breaches and defamation.

8. But for whistleblowers and the right to conduct discovery afforded to litigants by the Federal Rules of Civil Procedure, Fitzgibbon would never know the full extent of Radack's wrongdoing. But for whistleblowers and Rules 34 and 45, Radack, who represents that she has "cog fog" and does not remember who she communicates with,[1] would never have to account.

9. On February 17, 2020, Fitzgibbon received copies of private DMs that Radack delivered to a whistleblower in Florida on June 8, 2019.

---

[1] Radack's "cog fog" claim provides all the more reason to seek and obtain discovery from third parties like Twitter, who, unlike Radack, should have no reason to conceal DMs and no interest in the outcome of the dispute between Fitzgibbon and Radack.

10. Radack trolls Twitter for tweets about Fitzgibbon. On June 8, 2019, she saw the following tweet by the whistleblower:[2]



· 15m

Suzie Dawson (@Suzi3D) documented the pattern of persecution to ostracize Wikileaks activists & leaders. Now we should all make an effort to reach out to Jacob Appelbaum (@ioerror) & **Trevor Fitzgibbon** to undue the hurtful anti-journalism smear campaign contraspin.co.nz/freeing-julian...

11. Radack initiated contact with the whistleblower:



I see you follow me. I hope you consider taking that 3rd man off your list of those deserving support. I was one of his victims:

9:52 AM

12. The whistleblower replied:

---

[2] The identity of the whistleblower is redacted to protect him from retaliation by Radack and her agents. Fitzgibbon will share the identity of the whistleblower with the Court *in camera* or subject to the terms of a stipulated protective order.

3

> Hi Ms. Radack. I have appreciated your advocacy on many issues over the years. It was my understanding you reached a settlement with Mr. Fitzgibbon and withdrew your allegations
>
> 10:12 AM ✓

13.     Radack then published to the whistleblower the following private, direct message:

4





14. This is the tip of the iceberg.

15. Radack's private, direct messages – messages that she has hidden from the Court and Fitzgibbon – are highly relevant and obviously discoverable.

16. The identities of the persons with whom Radack is in private communication about Fitzgibbon, including @DevinCow, @AdamParkhomenko, @RVAwonk, @sparrowmedia, @foxfire…, @RayJoha2, @UpTheCypherPunx, @jimmysllama and @Kaidinn, are certainly discoverable.

17. The non-content records and information will facilitate discovery and the search for the truth.

18. Twitter's motion to quash is nothing more than an effort to assist Radack in hiding the truth about her breaches of the settlement agreement, her defamation and conspiracy.[3]

19. The language used by Radack in her private messages mirrors the language used by her confederates in public tweets. For instance, Radack's DM to the whistleblower employs the words "**YEARS of stalking**". The same criminal accusations and disparaging message appears in Raymond Johansen's public tweets, proving Fitzgibbon's claim that Radack is orchestrating the smear campaign, *e.g.*:

---

[3] In mid-January, Twitter suspended the whistleblower's account for unspecified "violations of our rules". As a result of the suspension, the whistleblower is unable to access his DMs, which have disappeared. Fortunately, the whistleblower took a screenshot of his DMs with Radack in June 2019. Whether Twitter's censorship of the whistleblower is part of a deliberate effort to prevent discovery of Radack's private messaging about Fitzgibbon leaves to be seen.

> **Raymond Johansen**
> @RayJoha2
>
> Replying to @JesselynRadack
>
> Tweet is part of the deal to end years of stalking, smear campaigns, bar complaints, lawsuits, and threats against her clients.
>
> 12:14 PM · May 3, 2019 · TweetDeck

## **CONCLUSION AND REQUEST FOR RELIEF**

Trevor Fitzgibbon has concrete proof that Jesselyn Radack is using Twitter's direct message (DM) application to breach the settlement agreement and to commit defamation. Although Radack has "cog fog", Twitter does not. Twitter acknowledges the existence of DMs between Radack and the user or users of the accounts at issue in Fitzgibbon's subpoena. These DMs – like Radack's DMs with the whistleblower – are fully discoverable. There is no basis in law to conceal this material evidence, especially given Fitzgibbon's willingness to enter into a protective order.

For the reasons stated above and in his memorandum in opposition to Twitter's motion to quash, Trevor Fitzgibbon respectfully requests the Court to deny Twitter's motion and order immediate production of the non-content records and information.


DATED:          February 18, 2020

TREVOR FITZGIBBON


By:   */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:   (804) 501-8272
      Facsimile:   (202) 318-4098
      Email:   **stevenbiss@earthlink.net**

*Counsel for Trevor Fitzgibbon*


## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Twitter and all interested parties receiving notices via CM/ECF.


By:   */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:   (804) 501-8272
      Facsimile:   (202) 318-4098
      Email:   **stevenbiss@earthlink.net**

*Counsel for Trevor Fitzgibbon*